No. 133.—WILLIAM LITTLE, Liquidator, v. B. M. JOHNSON.

An agent can not be made liable for a note placed in his hands for collection, if it be shown on trial that the original consideration thereof was the price of a slave.

APPEAL from the Tenth Judicial District, parish of Caddo. *Levisee*, J. James W. *Duncan*, for plaintiff and appellant. *T. T. & A. D. Land*, ·for defendant and appellee.

TALIAFERRO, J. This suit is brought against the defendant to compel him to account, as agent of the commercial firm of M. & W. Little & Co., of the State of Tennessee, for the sum of $1494 99, with eight per cent. interest from the first day of December, which the plaintiff ·alleges the defendant collected for them, and has failed to pay over to· them, and for which he refuses to account.

The defendant answers by a general denial. He specially denies the ·contract of mandate alleged, and also that he ever collected a promissory note which was the property of the firm of M. & W. Little & Co. ·The judgment of the lower court was in favor of the defendant, dismissing the plaintiff's action, and he appeals.

The facts shown by the record are, that Montgomery Little, who was a brother of William Little, the plaintiff, and a member of a part-·nership composed of himself, William Little, the plaintiff, Robert Lyle and· George W. Hitching, all of Sumner county, Tennessee, placed in the hands of the defendant a promissory note, of the amount stated, for collection. The defendant's receipt for the note, dated twenty-third May, 1860, is shown. The note was given to Montgomery Little by Samuel Edmunds, for the payment of the price of a slave, and was due first December, 1860. The defendant collected the amount of the note early in the year 1863, in Confederate money, and invested the ·money in seven per cent. Confederate bonds, The defendant states,

*in* his own evidence, that he "afterwards obtained possession of the note from Mrs. Edmunds, to be prepared for any litigation that might arise on it." It is clear that the defendant never knew the partnership in the agency he had in the matter. The note was given to Montgomery Little in his own name, .and defendant receipted to him individually for it, and not to the partnership. The evidence makes it sufficiently clear, however, that the note really belonged to the partnership.

An exception was filed, long after the case was put at issue, to the capacity of the liquidator to maintain the action. It was objected, on the other hand, that this exception came too late, and a large space was given by counsel to the discussion of these questions. We do not think it necessary, in deciding this case, to express any opinion on these points. We do not see any legal or equitable ground upon which the plaintiff can recover in this case. The failure on his part to collect the note within the very brief space which intervened between its maturity and the general confusion and suspension of business that rapidly ensued, was not such a want of diligence as ought to render him liable on the ground of laches. He swears that he was unable to collect the note, except in Confederate money. His having done so was no compliance with his duty, but he makes it reasonably sure that it was not in his power to get legal currency for it. The utter nullity of the obligation that soon followed, released him from all further liability on its account.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.